## PICO v. WILLIAMS, Judge, etc.

### No. 11,680; July 2, 1886.

#### 11 Pac. 600.

**Superior Court—Holding Court in Another County.—The Request of the Governor** of the state of California to the judge of the superior court of one county to hold a superior court in another county is sufficient authority to entitle the latter to take jurisdiction of causes brought before him for trial in such county.

Application for writ of prohibition.

The petition alleged that the petitioner was a party to an action before the superior court of Los Angeles county, Cheney, J.; that some of the parties to such action, desiring a speedy trial, made application for advancement of the cause on the calendar, but that such application was denied because of the precedence on the calendar of other causes of as much public importance; that such parties then applied to the governor of the state of California, and requested Judge Williams, of Ventura county, to hold a superior court in Los Angeles county for the purpose of trying this among other cases. Petitioner then alleged that the facts as stated, that a speedy trial could not be had in Judge Cheney's court, are untrue, and the petitioner asked for a writ of prohibition to restrain Judge Williams from so holding court, or trying such cause.

Glassell, Smith & Patton for petitioner; Stephen M. White for respondent.

By the COURT.—We are of opinion that, from the facts stated in the petition, the petitioner is not entitled to a writ of prohibition. The request of the governor, as set forth in the petition, was sufficient authority for Judge Williams to hold a superior court in the county of Los Angeles. It is therefore unnecessary to consider any issue raised by the answer of respondent.

The application for a writ of prohibition is denied, and the alternative writ heretofore issued is annulled.